IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN MICHAEL LEE SLOAN,

   Plaintiff,

v.                                                   Civil Action No.:  DKC-23-527

GOVERNOR WESTLY MOORE, *et al.*,

   Defendants.

**MEMORANDUM OPINION**

      Plaintiff Steven Michael Lee Sloan filed this civil complaint on February 24, 2023, alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff was directed to file an amended complaint and was forewarned that the amended complaint would serve as the operative pleading in this matter.  ECF No. 7.  Plaintiff filed an amended complaint on May 5, 2023.  ECF No. 9.

      Plaintiff previously filed a motion for leave to proceed *in forma pauperis*, which was granted.  ECF Nos. 6, 7.  Because Plaintiff proceeds *in forma pauperis*, this court is obligated to screen the amended complaint for sufficiency.  28 U.S.C. § 1915A.  28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants).

      A self-represented party's complaint must be construed liberally.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110

(10th Cir. 1991).  With those standards in mind and for the following reasons, plaintiff's complaint must be dismissed.

In his amended complaint, plaintiff names four defendants:  Sheriff Troy D. Berry, Assistant States Attorney Cody L. Ballard, Circuit Court Judge Hayward James West, and Clerk of Court Lisa Yates.[1]  ECF No. 9 at 1, 2.  Plaintiff states that he is bringing this complaint based on incidents that occurred on August 30, 2021.  *Id.* at 4.  He states that, on that date, while driving, he was "stopped and issued several tickets… for alleged speeding which lead to not displaying a drivers license, registration, and driving under the influence."  *Id.* at 4.  He maintains that this was a violation of his rights because "there was no warrant… to stop and search plaintiff in the first place."  *Id.*

Plaintiff appears to allege that the defendants' liability stems from this purportedly unlawful stop.  He states that Sheriff Berry, acting "by way of officer sub-agency 6851 badge #ID 0669," allowed for his detainment, violated his constitutional rights, and issued tickets "that are not back by silver or gold coin."  *Id.* at 6, 8.  He further states that Sheriff Berry is responsible for "not carrying out his duty to remove the judge and inform all deputies under him … of the constitutional question to state statu[t]es."  *Id.* at 2.  Judge West issued a bench warrant for Plaintiff and "denied Plaintiff's motion for counsel of his own choice," which Plaintiff alleges violated his First and Sixth Amendment rights.  *Id.* at 2, 7.  He states that Assistant State's Attorney Ballard "was assigned to Court wherein Plaintiff appeared as defendant in a criminal Traffic Case."  *Id.* at

---

[1] In his amended complaint, Plaintiff states that he "intends to remove" three defendants originally named in his initial complaint: Governor Westly [sic] Moore, Dawn Moore, and Angela Berry. ECF No. 9 at 1.  He states that he is removing them "based on not being directly involved and personal knowledge with the incident of controversy."  *Id.*  The Clerk will be directed to terminate these parties at plaintiff's request, and the court will analyze the amended complaint as to the remaining four defendants.

6. Plaintiff states that Ballard ignored "the notices of trespass of the private property" and continued "to make unconstitutional claim of injury in the name of STATE OF MARYLAND," which required Plaintiff to have to take time off of work to appear in court. *Id.* at 2. Plaintiff alleges that Clerk of Court Yates failed "to certify the appropriate attorney general that a statu[t]e has been questioned" and failed to file "all paperwork submitted to support the case…" *Id.* at 2. Although the factual predicate of Plaintiff's claims remains somewhat unclear, he alleges that the defendants "conspired together" to deprive Plaintiff of his constitutional rights, violated their oaths of office, and have caused harm to him. *Id.* at 7-9.

As relief, Plaintiff seeks monetary damages "redeemable in gold or silver coin." *Id.* at 9. He further requests that this case be joined with case number C-08-CR-21-000673 in the Circuit Court for Charles County. *Id.* at 10.

A review of the Maryland Judiciary Case Search reveals that on March 23, 2023, in case number C-08-CR-21-000673 in the Circuit Court for Charles County, Plaintiff pled guilty to driving a vehicle while under the influence of alcohol. *See State v. Sloan*, Case No. C-08-CR-21-000673 (Cir. Ct. for Charles Cnty.) available at https://casesearch.courts.state.md.us/casesearch (last visited May 18, 2023). Although he did not plead guilty to them, other charges included failure to display registration card upon demand by police officer, negligent driving, and violating license restriction, among other things. *Id.* The incident date for these offenses is listed as August 30, 2021, the date Plaintiff claims he was improperly stopped. Additionally, the docket reflects that Judge West issued a bench warrant for plaintiff's failure to appear in court on May 12, 2022. *Id.* Defendant Cody L. Ballard is listed on the docket as representing the state. *Id.* Plaintiff is currently scheduled to be sentenced on June 2, 2023. *Id.*

Here, Plaintiff appears to be pursuing a civil action for damages in part with regard to alleged deficiencies in his criminal case. Such a cause of action is prohibited under the Supreme Court's holding in *Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. *Id.* Plaintiff pled guilty and he is currently awaiting sentencing.

"*Heck v. Humphrey* bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply that the plaintiff's earlier conviction was invalid." *Riddick v. Lott*, 202 F. App'x 615, 616 (4th Cir. 2006). In certain circumstances, the Supreme Court's decision in *Heck* is inapplicable. If granting relief on a civil claim would not call into question the validity of the underlying criminal conviction, then the claim is not barred by *Heck*. *See Gwazdavskas v. Tharp*, No. 7:19-CV-00426, 2020 WL 3256824, at *3 (W.D. Va. June 16, 2020).

Here, Plaintiff's assertion that Sheriff Berry, or his subordinate officers, did not have probable cause to make the initial traffic stop cannot proceed. "Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding." *Smith v. Maryland State Police Dep't*, No. CV GLR-18-2836, 2019 WL 4805680, at *5 (D. Md. Sept. 30, 2019) (quoting *Ghazzaoui v. Anne Arundel Cty.*, 659 F.App'x 731, 733–34 (4th Cir. 2016) (quotations omitted)). Plaintiff pled guilty to driving under the influence. By Plaintiff's own admission, his charges stemmed from his initial stop. He states that he was stopped "for alleged speeding which lead to not displaying a drivers license, registration, and driving under the influence." ECF No. 9 at 4. Thus, questioning the validity of the initial stop necessarily calls in to question the validity of Plaintiff's conviction for

driving under the influence. His claims against Sheriff Berry are therefore barred by *Heck*. Similarly, his claim that Clerk of Court Yates failed to file "all paperwork submitted to support the case," (ECF No. 9) if successful, would undermine the validity of his conviction. This claim, too, is barred. These claims will be dismissed without prejudice. Unless the conviction is invalidated, they may not be pursued.

Furthermore, Plaintiff is attempting to bring this action against Sheriff Berry pursuant to 42 U.S.C. § 1983. However, from the facts put forth by Plaintiff, it appears he is attempting to hold Berry accountable in his supervisory capacity as the Charles County Sheriff. He alleges that Sheriff Berry acted "by way of officer sub-agency 6851 badge #ID 0669," and is responsible for "not carrying out his duty to remove the judge and inform all deputies under him … of the constitutional question to state statu[t]es." ECF No. 9. However, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane*, 355 F.3d at 782 (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or

tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Given the absence of any personal involvement by Sheriff Berry, or any facts substantiating the existence of supervisory liability, claims against him must be dismissed.

Further, Plaintiff is seeking to sue Maryland Circuit Court Judge Hayward James West, for decisions made in his capacity as a judge. This cause of action is prohibited by reason of the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988):

> "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

Accordingly, the case cannot proceed against Judge West, and these claims will be dismissed with prejudice.

Finally, Plaintiff cannot sue Assistant State's Attorney Cody Ballard. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The court must

use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430).  The Fourth Circuit stated in *Nero*, 890 F.3d at 118:  "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant*, Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at493, and presents evidence at trial, *Imbler*, 424U.S. at 431."  The decisions as to whether, when, and how to prosecute pertain to the role of advocate.  Therefore, on the face of the suit, the prosecutorial defendant in the instant case enjoy absolute immunity.  *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).  Claims against Assistant State's Attorney Ballard are dismissed with prejudice.

For the forgoing reasons, Plaintiff's complaint cannot proceed and must be dismissed.

Also pending is Plaintiff's "Motion of Request for Hearing on Judicial Notice and Adjudicated Facts."  ECF No. 8.  Because the complaint must be dismissed, this motion is denied as moot.  A separate order follows.


May 30, 2023                                          /s/
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge